UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAWAD A. SHAH, MD, PC, *et al.*,

    Plaintiffs,

v.                                                      Case No.: 23-10281

STATE FARM MUTUAL AUTOMOBILE      Sean F. Cox
INSURANCE COMPANY,                       United States District Court Judge

    Defendant.
_____/

**ORDER
REQUIRING JURISDICTIONAL STATEMENT
AND NOTICING SCHEDULING CONFERENCE**

The following four Plaintiffs filed suit against Defendant in state court: 1) Jawad A. Shah, MD, PC; 2) Alliance Anesthesia, LLC; 3) Insight Anesthesia, PLLC; and 4) Southeast Michigan Surgical Hospital, LLC. On February 2, 2023, Defendant removed the action to federal court, asserting that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). After reviewing Plaintiff's complaint and the Notice of Removal, the Court could not determine whether diversity jurisdiction exists over this case. As such, this Court issued an Order to Show Cause, directed to Defendant State Farm. (ECF No. 4). That order explained:

> Plaintiff's Complaint does not contain sufficient allegations regarding the citizenship of either Alliance Anesthesia, LLC or Southeast Michigan Surgical Hospital, LLC – which are limited liability companies.
> For purposes of diversity jurisdiction, a "limited liability company is not treated as a corporation." *Homfeld II, LLC v. Comtair Holdings, Inc.*, 53 Fed. Appx. 731 (6th Cir. 2002); *see also Delay v. Rosenthal Collins Group, LLC*, 585

F.3d 1003 (6th Cir. 2009). That is because "LLCs are *not* corporations, and different pleading rules apply when these entities are parties to a diversity suit." *Akno 1010 Mkt. St. St. Louis, Missouri, LLC v. Pourtaghi,* 43 F.4th 624, 627 (6th Cir. Aug. 8, 2022). Thus, "[a]lleging that an LLC is organized under the laws of a certain state," or has its principal place of business in a certain state, "does nothing to establish its citizenship. Rather, LLCs have the citizenships of their members and sub-members." *Id.* "Thus, when an LLC is a party in a diversity action, the court must know the citizenship of each member and sub-member." *Id.*

"The party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships" and that "means that a plaintiff (*or a defendant in a removal action*) must *fully allege the citizenship of each party*." *Id*. (emphasis added). And because district courts have an independent obligation to determine whether subject-matter jurisdiction exits, district courts "must hold litigants to this requirement." *Id.*

Thus, in order to determine if diversity jurisdiction exists, this Court needs to know the citizenship of each member of these LLCs (Alliance Anesthesia, LLC and Southeast Michigan Surgical Hospital, LLC) and any sub-members.

The same is true as to Insight Anesthesia, PLLC – a professional limited liability company. In order to determine if diversity jurisdiction exists, this Court needs to know the citizenship of each of its members and any sub-members.

(*Id*.). Thus, consistent with the Sixth Circuit's directive in *Akno*, this Court ordered Defendant to show cause, in writing, why this case should not be remanded for lack of subject matter jurisdiction.

Defendant filed a timely response to this Court's Show Cause Order. (ECF No. 5). In it, Defendant explained that information regarding the members (and sub-members) of limited liability companies is not publicly-available. Defendant stated that, based upon the information it could obtain, it believes that the Plaintiff limited liability companies are all citizens of Michigan and that it should be permitted to conduct limited jurisdictional discovery to ascertain the citizenship of the Plaintiff limited liability companies.

In an Order issued on March 23, 2023, this Court granted that request, ordering as follows:

In *Akno*, the Sixth Circuit explained that, under circumstances such as this, the removing defendant can file a motion for more definite statement. *Akno*, 43

> F.4th at 627. Defendant has not done so here. Rather, Defendant asks the Court to allow it to engage in limited jurisdictional discovery in order to ascertain the citizenship of the Plaintiff limited liability companies. The Sixth Circuit has found that this Court has the discretion to allow that under these circumstances. *See Cooper v. Glen Oaks Healthcare LLC,* 2023 WL 165961 at *1 (6th Cir. Jan. 12, 2023).
>
> Accordingly, the Court GRANTS Defendant's request to engage in limited jurisdictional discovery, in order to ascertain the citizenship of the members (and any submembers) of the Plaintiff limited liability companies.
>
> The Court FURTHER ORDERS that, after ascertaining the citizenship of the members (and any sub-members) of the Plaintiff limited liability companies, Defendant shall file an amended response to this Court's Show Cause Order.
>
> IT IS SO ORDERED.

(ECF No. 6).

As to June 14, 2023, the jurisdictional remained open. So this Court noticed a Status Conference for July 25, 2023 at 3:30 p.m. (*See* ECF No. 7).

Thereafter, Defendant filed a Motion to Compel, asserting that it has been unable to ascertain the citizenship of the members and sub-members of the Plaintiff LLCs in this case, despite having served discovery tailored to do so. (ECF No. 8). Plaintiffs have not file a response to Defendant's motion and the time permitted for doing so has passed.

Accordingly, the Court **ORDERS** that:

1) No later than **July 21, 2023**, Plaintiffs shall file a jurisdictional statement that identifies the name and citizenship of each member (and any sub-members) of the Plaintiff LLCs in this case;

2) Defendant's Motion to Compel is **DENIED WITHOUT PREJUDICE AS MOOT**; and

3) the Status Conference previously set for **July 25, 2023 at 3:30 p.m.** shall now take place as a **Scheduling Conference**.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 18, 2023